

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:03-CR-223(1)** |
| | § | |
| **MARSHALL LAMONT MATTHEWS** | § | |

### ORDER ON MOTIONS TO TOLL AND FOR DOCUMENTS

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred this criminal matter to the undersigned United States Magistrate for determination of Defendant's *Motion to Toll the Statute of Limitations, Antiterrorism, and Effective Death Penalty Act* [Clerk's doc. #36] and *Motion for Documents* [Clerk's doc. #37].

The Court entered Final Judgment in this matter on July 22, 2004 [Clerk's doc. #30]. Defendant has not filed a notice of appeal. The Federal Rules of Appellate Procedure require that his notice of appeal be filed within ten days after the entry of judgment. *See* FED. R. APP. P. 3; 4(b).[1]

---

[1] "(b) Appeal in a Criminal Case.
(1) Time for Filing a Notice of Appeal.
(A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
(i) the entry of either the judgment or the order being appealed; or
(ii) the filing of the government's notice of appeal." Fed. R. App. P. 4. (Full citation of Rule omitted).

Because Defendant did not timely file his appeal, he has waived his right to raise issues on direct appeal absent a showing to the contrary. Accordingly, the judgment entered by the District Court on July 22, 2004, is final for purposes of review.

Defendant has filed his *Motion to Toll the Statute of Limitations, Antiterrorism, and Effective Death Penalty Act* [Clerk's doc. #36], alleging that, at this time, he does not possess the legal documents "to research and investigate all constitutional violations" to properly file a motion for relief under 28 U.S.C. § 2255 and cannot obtain those documents from his defense counsel. He requests that the one year statute of limitations be tolled until he receives those documents.

Title 28 of the United States Code, Section 2255, provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations for the filing of a motion to vacate sentence. 28 U.S.C. § 2255, as amended, provides in pertinent part the following:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence."

As cited above, Section 2255 prescribes a one-year limitations period from the date that a defendant's conviction becomes final for filing a Section 2255 motion. *See also United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998); *United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000). Accordingly, Defendant's limitations period for filing a motion under Section 2255 will not expire until July 2005, one year after the entry of judgment.

In *United States v. McFarland*[2], a petitioner sent a letter to the district court which the court considered to be a motion for extension of time to file a petition under 28 U.S.C. § 2255. The letter was not accompanied by a 28 U.S.C. § 2255 petition on the merits. The district court denied the motion and the petitioner appealed that decision to the Fifth Circuit Court of Appeals and requested a Certificate of Appealability (COA). The Fifth Circuit Court of Appeals denied the COA as unnecessary because the district court lacked jurisdiction to entertain the motion. *Id.* The Court held that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until the petition is actually filed. *Id.* The Fifth Circuit concluded that until the petition itself is filed, there is no case or controversy to be heard.

Therefore, using the Fifth Circuit's decision in *McFarland* as guidance, the Court finds that it lacks jurisdiction to consider Defendant's *Motion to Toll the Statute of Limitations, Antiterrorism, and Effective Death Penalty Act.*

Defendant has also filed his *Motion for Documents* [Clerk's doc. #37], requesting that the

---

[2] No. 04-10786, 2005 WL 768731, 2005 U.S. App. LEXIS 5596, (5th Cir. Apr. 6, 2005).

3

Court order defense counsel to produce the indictments, motions, transcripts, and other related matter pertaining to his criminal case. Again, under *McFarland*, this Court has no jurisdiction to entertain such a motion until a Section 2255 motion is actually filed.

The Court points out that the institution of a civil petition under Section 2255, not further filings in this fully adjudicated criminal proceeding, is the proper vehicle for attacking his sentence. The Court refers Defendant to 28 U.S.C. § 2255 for the correct procedure under that statute. A Section 2255 motion need only set forth the movant's claims of error generally.

It is therefore **ORDERED** that Defendant's *Motion to Toll the Statute of Limitation, Antiterrorism, and Effective Death Penalty Act* [Clerk's doc. #36] and *Motion for Documents* [Clerk's doc. #37] are **DENIED as MOOT** because the Court lacks jurisdiction to consider them.

**SIGNED this the 20th day of April, 2005.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE